# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BARACK OBAMA, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00650 LJO DLB PC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATION<br>[ECF No. 18]<br><br>ORDER DISMISSING PETITION FOR CASE TO BE REVIEWED AND MOTION FOR DISQUALIFICATION<br>[ECF Nos. 20, 21] |

　　　　Plaintiff Seavon Pierce, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 12, 2014. The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 302.

　　　　On April 29, 2015, the Court issued an order granting in forma pauperis status and served the order on Plaintiff at his last known address at Corcoran State Prison ("CSP"). The order was returned on May 18, 2015, as undeliverable. On July 1, 2015, the Court issued a second order directing Plaintiff to file a consent or decline form. Plaintiff was again served at his last known address at CSP. The order was returned as undeliverable on July 17, 2015. Accordingly, on August 3, 2015, the Magistrate Judge issued Findings and Recommendations that the action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute. As discussed by the Court, Plaintiff is required to keep the Court apprised of his current address *at all times*, and Local Rule 183(b) provides that "[i]f mail directed to a plaintiff in propria persona by the Clerk

is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Plaintiff's address change was due by July 27, 2015, but he failed to file one or otherwise communicate with the Court. The Findings and Recommendations were served on Plaintiff at his last known address at CSP.

On August 20, 2015, Plaintiff filed objections to the Findings and Recommendations. Plaintiff states he is currently incarcerated at Kern Valley State Prison ("KVSP"), which is where he has been since August 1, 2015. Plaintiff states the Findings and Recommendations were forwarded to him at his KVSP address. Plaintiff states the undersigned gained knowledge that the applicant has changed locations. This is incorrect. It was not until Plaintiff filed his objections that the Court became aware of his new address. Plaintiff states that this is no fault of his, and that Local Rule 183(b) has been met as to current address notifications. This is also incorrect. As of this date, Plaintiff has not filed a notice of change of address. Plaintiff is advised that it is his obligation under Local Rule 183(b) to keep the Court apprised of his current address *at all times*. Nevertheless, based on information from the objections reflecting Plaintiff's current address, the Court will vacate the Findings and Recommendations and direct the Clerk of Court to change Plaintiff's address on the docket.

Along with his objections, on August 20 and 21, 2015, Plaintiff filed a motion for disqualification and motion requesting case to be reviewed. The motions are unclear and vague. It appears that Plaintiff desires that his case proceed and he complains that Defendants have failed to answer his complaint. Plaintiff is advised that the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which

1 relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In this case, the Court has not yet screened the complaint and service on Defendants has not yet been authorized. The Court is aware of the pending complaint; however, the Court is backlogged with a great many complaints and will act to screen them in the order of filing.

Plaintiff further argues that he has not consented to the jurisdiction of the Magistrate Judge, and therefore the Magistrate Judge has no jurisdiction in his case. This is incorrect. It is true Plaintiff has not consented to the jurisdiction of the Magistrate Judge; however, the case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 302. Under § 636(b)(1)(A), the Magistrate Judge may be designated, as here, to "hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." Accordingly, the undersigned is authorized to submit Findings and Recommendations to the assigned District Judge in this case.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed August 3, 2015, is VACATED;

2. The Clerk of Court is DIRECTED to change Plaintiff's current address to the address reflected in Plaintiff's objections;

3. Plaintiff's miscellaneous motions [ECF Nos. 20, 21] are DENIED.

IT IS SO ORDERED.

Dated:   **August 25, 2015**                    /s/ *Dennis L. Beck*
                                                UNITED STATES MAGISTRATE JUDGE