# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PRESIDENT BARACK OBAMA, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00650 LJO DLB PC<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO FILE A THIRD AMENDED COMPLAINT<br><br>THIRTY-DAY DEADLINE |

Plaintiff Seavon Pierce ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 12, 2014, in the Sacramento Division of the United States District Court for the Eastern District of California. The matter was designated as a civil rights action. Plaintiff filed a First Amended Complaint on December 9, 2014. He filed a Second Amended Complaint on December 15, 2014. On April 28, 2015, the case was transferred to the Fresno Division. In his Second Amended Complaint, Plaintiff names as Defendants: President Barack Obama, the U.S. Government, California Department of Corrections, California Inspector General, California Internal Affairs, and California Director of Corrections.

**A.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.   **DISCUSSION**

The claims Plaintiff seeks to raise in this action are not entirely clear. Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons

acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim, Plaintiff must demonstrate a link between actions or omissions of each named defendant and the violation of his rights; there is no *respondeat superior*, or vicarious, liability under section 1983. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010).

Plaintiff makes various vague claims of violations of his constitutional rights, including fraud, concealment of evidence, interference with mail, access to the courts, access to the law library, and equal protection. Plaintiff further challenges the decisions made in another case, Pierce v. Gonzales et al., Case No. 1:10-cv-00285 JLT P. Plaintiff has not linked any Defendant to any viable claims for relief arising out of any alleged violation of Plaintiff's federal rights. Further, Plaintiff's complaint consists largely of general and/or conclusory allegations, which will not support any plausible claims for relief. Iqbal, 556 U.S. at 676-77; Moss, 572 F.3d at 969. In the sections that follow, the Court will provide Plaintiff with the legal standards applicable to the claims it appears he is seeking to pursue. Plaintiff shall cure the deficiencies in the claims which he believes, in good faith, are viable under section 1983.

1. Access to the Courts

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate cases. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires actual prejudice with respect to planned or existing litigation. Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (quotation marks omitted), *cert. denied*, 132 S.Ct. 1823 (2012). In addition, Plaintiff must establish causation by linking the injury complained of to the actions or omissions of one or more named defendants. Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).

Plaintiff alleges denial of access to the law library and general denial of access to the courts, but his complaint sets forth no facts showing he suffered any actual injury with respect to litigation.

3

2. <u>Interference with Mail</u>

Prisoners have "a First Amendment right to send and receive mail." <u>Witherow v. Paff</u>, 52 F.3d 264, 265 (9th Cir. 1995). Prison regulations relating to the regulation of incoming mail are analyzed under the Turner reasonableness standard set forth in <u>Turner v. Safley</u>, 482 U.S. 78, 89-91 (1987). <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 413-14 (1989). The regulation is valid if it is reasonably related to legitimate penological interests. <u>Turner</u>, 482 U.S. at 89. In determining the reasonableness of the regulation, court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." <u>Turner</u>, 482 U.S. at 89-90.

Here, Plaintiff makes no specific allegations concerning a violation of his right to send and receive mail. He merely alleges, generally, that his rights have been infringed. This is insufficient to state a claim for relief. <u>Iqbal</u>, 556 U.S. at 676-77.

3. <u>Fraud</u>

The elements of fraudulent misrepresentation under California law are: "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damages. <u>Okun v. Morton</u>, 250 Cal.Rptr. 220, 235 (Cal. Ct. App. 1988). All elements must be present and the absence of any one element is fatal to recovery. <u>Id</u>.

Here again, Plaintiff generally alleges a denial of his constitutional rights due to fraud. Plaintiff makes no specific factual allegations which would support a claim of fraud.

4. <u>Equal Protection</u>

The Equal Protection Clause requires that persons who are similarly situated be treated alike. <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); <u>Hartmann v. California Dep't of Corr. & Rehab.</u>, 707 F.3d 1114, 1123 (9th Cir. 2013); <u>Furnace v. Sullivan</u>, 705 F.3d 1021, 1030 (9th Cir. 2013); <u>Shakur v. Schriro</u>, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based

on his membership in a protected class.  Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Here, Plaintiff generally alleges a violation of his due process rights to equal protection.  However, he fails to state how any Defendant intentionally discriminated against him based on his membership in a protected class.

### C. CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with a final opportunity to file an amended complaint.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

///

5

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 5, 2015**          /s/ *Dennis L. Beck*
                                      UNITED STATES MAGISTRATE JUDGE