UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PRESIDENT BARACK OBAMA, et al.,<br><br>　　　　　　Defendants. | No. 1:15-cv-00650 DAD DLB PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 41) |

Plaintiff Seavon Pierce ("plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 12, 2014. On November 13, 2015, the magistrate judge issued findings and recommendations recommending that the action be dismissed with prejudice for failure to state a cognizable claim. On November 23, 2015, plaintiff filed objections to the findings and recommendations. On December 1, 2015, the then assigned district judge adopted the findings and recommendations in full and dismissed the case.

On December 21, 2015, plaintiff filed the motion for reconsideration now pending before the court. For the reasons set forth below, the motion for reconsideration will be denied.

**DISCUSSION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable

1

diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." *Id*. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," *United States. v. Westlands Water Dist.,* 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern–Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in part on other grounds,* 828 F.2d 514 (9th Cir. 1987).

The court has reviewed plaintiff's motion. Plaintiff's arguments are meritless and do not do not warrant reconsideration of the court's December 1, 2015 order adopting the findings and recommendations in full and dismissing this case.

/////

/////

**ORDER**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: **January 5, 2016**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE